UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DuWayne Allen Bohner,                                   Court File No.:  10-4621 (DWF/LIB)

            Plaintiff,

vs.                                          **DEFENDANT LHR INC.'S ANSWER TO
                                                   PLAINTIFF'S COMPLAINT**

LHR Inc. and Bank of America,
                                                 **(JURY TRIAL DEMANDED)**
            Defendants.

Defendant LHR Inc. (LHR), by and through its undersigned counsel, for its

Answer to Plaintiff's Complaint, states as follows:

1.      Except as hereinafter admitted, LHR denies each and every allegation,

matter, and thing contained in Plaintiff's Complaint.

2.      In response to Paragraph 1 of Plaintiff's Complaint, LHR admits that

DuWayne Allen Bohner is the Plaintiff in this action, and, on information and belief,

admits the remaining allegations asserted in paragraph 1 of Plaintiff's Complaint.

3.      In response to Paragraph 2 of Plaintiff's Complaint, LHR denies knowledge

or information sufficient to form a belief as to the truth of the allegations contained

therein.   Answering further, the allegations contained in Paragraph 2 of Plaintiff's

Complaint state legal conclusions to which no response is required.  To the extent that a

response is required, LHR denies the allegations.

4.      In response to Paragraph 3 of Plaintiff's Complaint, LHR admits that its

principal place of business is located in Hamburg, New York.  LHR also admits that it

entered into agreements with original creditors to purchase debts, and that it attempts to

collect those debts.   Answering further, the allegations contained in Paragraph 3 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent that a response is required, LHR denies the allegations.

5.     In response to Paragraph 4 of Plaintiff's Complaint, the allegations contained therein state legal conclusion to which no response is required.  To the extent a response is required, LHR states that to the extent its activities are governed by the statutes cited therein, LHR complied with those statutes at all times, and LHR specifically denies that it engaged in any wrongful or illegal conduct.

6.     LHR denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore, it denies the same.

7.     In response to Paragraph 6 of Plaintiff's Complaint, LHR admits that this Court has jurisdiction over this action.  The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is necessary. However, to the extent a response is necessary, LHR denies that Plaintiff's claim under the Fair Credit Reporting Act (FRCA), 15 USC § 1681 et seq., was commenced within the applicable statute of limitations.

8.     In response to Paragraph 7 of the Complaint, the allegations contained therein purport to characterize the nature of Plaintiff's claims in this matter, and no response is required.  To the extent a response is required, LHR denies the allegations in Paragraph 7 of Plaintiff's Complaint.

9.      LHR denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

10.      In response to Paragraph 9 of Plaintiff's Complaint, LHR admits that on December 22, 2006, it acquired from Bank of America a charged off credit account owed by Plaintiff to Bank of America, but denies that Plaintiff did not have a "business relationship" with Bank of America.   Answering further, LHR denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same.

11.      In response to Paragraph 10 of Plaintiff's Complaint, LHR admits that on or about January 14, 2010, it received a letter from Plaintiff seeking validation of the debt he owed to LHR.   Answering further, LHR states that Plaintiff's request was received three years after it sent Plaintiff a letter on January 3, 2007 notifying him of his rights under the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692g (a) (1) - (4), to dispute the debt and to seek validation of the debt.     LHR denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

12.      LHR denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

13.      In response to Paragraph 12 of Plaintiff's Complaint, LHR denies knowledge or information sufficient to form a belief as to what Plaintiff observed. Answering further, LHR admits that, as required under the FCRA and the FDCPA, upon

being notified by Plaintiff that he disputed the debt, LHR informed the credit reporting agencies that the debt was disputed by Plaintiff.

14.     LHR denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of Plaintiff's Complaint.

15.     To the extent the allegations in Paragraph 14 of Plaintiff's Complaint refer or relate to LHR's alleged conduct, LHR states that because Plaintiff did not notify LHR that he disputed the debt within 30 days of receipt of the Notice letter sent to Plaintiff on January 3, 2007, the FDCPA did not require LHR to provide Plaintiff the requested validation. *Fasten v. Zager*, 49 F. Supp 2d 144 (E.D.N.Y. 1999).   Answering further, LHR states that it did obtain confirmation from the original creditor that the debt was valid.  To the extent that the allegations in Paragraph 14 of Plaintiff's Complaint refer or relate to Bank of America's alleged conduct, LHR denies knowledge or information sufficient to form a belief as to the truth of those allegations.

16.     To the extent the allegations in Paragraph 15 of Plaintiff's Complaint refer or relate to LHR's alleged conduct, LHR denies those allegations.  To the extent that the allegations in Paragraph 15 of Plaintiff's Complaint refer or relate to Bank of America, LHR denies knowledge or information sufficient to form a belief as to the truth of those allegations.

17.     To the extent the allegations in Paragraph 16 of Plaintiff's Complaint refer or relate to LHR, LHR denies those allegations.  To the extent that the allegations in Paragraph 16 of Plaintiff's Complaint refer or relate to Bank of America, LHR denies knowledge or information sufficient to form a belief as to the truth of those allegations.

18.     LHR denies the allegations in Paragraph 17 of Plaintiff's Complaint.

19.     LHR denies the allegations in Paragraph 18, subparagraphs A through C, of Plaintiff's Complaint.

20.     In response to Paragraph 19 of Plaintiff's Complaint, LHR denies that it received any request from Plaintiff on or about May 25, 2008, and denies that it continued any efforts to collect the debt after it received Plaintiff's letter on or about January 14, 2010.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

21.     In response to Paragraph 20 of Plaintiff's Complaint, LHR restates, realleges, and incorporates by reference each and every response contained in Paragraphs 1-20 above as though fully set forth herein.

22.     In response to Paragraph 21 of Plaintiff's Complaint, LHR admits that the Court has jurisdiction over Plaintiff's claim under the FDCPA, but specifically denies that it engaged in any wrongful or illegal conduct.

23.     In response to Paragraph 22 of Plaintiff's Complaint, LHR admits that venue is proper, but specifically denies that it engaged in any wrongful or illegal conduct.

24.     Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, LHR denies that it engaged in any wrongful or illegal conduct.

25.     LHR denies the allegations in paragraph 24 of Plaintiff's Complaint, and specifically denies that the cited statute is applicable in as much as LHR is not an attorney or law firm.

26.     LHR denies the allegations in Paragraphs 25 through 31 of Plaintiff's Complaint, and denies that Plaintiff is entitled to the relief requested therein.

27.     In response to the paragraph beginning with the work "WHEREFORE," contained on pages 6-7 of Plaintiff's Complaint, LHR denies that Plaintiff is entitled to the relief requested therein, and specifically denies that Plaintiff is entitled to statutory damages for each of the alleged violations of the FDCPA, that he is entitled to punitive damages, or that, as a pro se Plaintiff, he is entitled to an award of attorney's fees.

## COUNT II – FAIR CREDIT REPORTING ACT

28.     In response to Paragraph 32 of Plaintiff's Complaint, LHR restates, realleges, and incorporates by reference each and every response contained in Paragraphs 1-27 above as though fully set forth herein.

29.     Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, LHR denies that it violated the Fair Credit Reporting Act, ("FCRA") 15 USC § 1681b.

30.     LHR denies the allegations in Paragraphs 34-35 of Plaintiff's Complaint, and denies that Plaintiff is entitled to the relief requested therein.

31.     In response to the paragraph beginning with the work "WHEREFORE," contained on page 8 of Plaintiff's Complaint, LHR denies that Plaintiff is entitled to the relief requested therein, and specifically denies that Plaintiff is entitled to statutory damages for each of the alleged violations of the FCRA, that he is entitled to punitive damages, or that, as a pro se Plaintiff, he is entitled to an award of attorney's fees.

## AFFIRMATIVE DEFENSES

LHR states and alleges for its affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and/or repose, and more specifically, Plaintiff knew or should have known that the debt which is the subject of this action was reported to consumer credit reporting agencies more than two years prior to the commencement of this action.

## THIRD AFFIRMATIVE DEFENSE

At all times applicable hereto, LHR fully complied with all applicable federal and state laws with respect to the collection of debts in connection with its efforts to collect the debt owed by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The conduct of LHR alleged in the Complaint did not violate the FDCPA or the FCRA.

## FIFTH AFFIRMATIVE DEFENSE

LHR asserts all affirmative defenses available pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 et seq, including but not limited to the defense of good faith.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred inasmuch as LHR sent to Plaintiff the notice letter required under the FDCPA, informing Plaintiff that if he disputed the debt, he must notify LHR in writing within 30 days and that failure to provide such written notice would result in LHR assuming the debt to be valid, and Plaintiff failed to provide LHR with said written notice until three years after Plaintiff was sent the required written notice.

## SEVENTH AFFIRMATIVE DEFENSE

LHR did not engage in any fraudulent, deceptive or misleading practices in connection with the collection of Plaintiff's debt, nor did LHR make any statements or representations which may be characterized as fraudulent, deceptive or misleading inasmuch as prior to January 14, 2010, LHR had no notice that Plaintiff disputed the debt.

## EIGHTH AFFIRMATIVE DEFENSE

Without in any way admitting the allegations contained in Plaintiff's Complaint, should liability attach to LHR, Plaintiff has failed to sustain any damages and is put to his strict proof thereof.

## NINTH AFFIRMATIVE DEFENSE

Without in any way admitting the allegations contained in Plaintiff's Complaint, should liability attach to LHR, Plaintiff's statutory damages are limited to $1,000 for any and all alleged violations of Fair Debt Collection Practices Act and/or the Fair Credit Reporting Act.

## TENTH AFFIRMATIVE DEFENSE

As a pro se Plaintiff, Plaintiff is not entitled to an award of attorney fees.  In the event that the Court determines that Plaintiff is entitled an award of attorney's fees, the requested hourly of rate of $450 per hour is excessive and unreasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

While denying the allegations contained in the Plaintiff's Complaint, LHR states that if there is somehow found to be a violation of the Fair Debt Collections Practice Act, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

## TWELVTH AFFIRMATIVE DEFENSE

LHR acted reasonably and with due care at all times relevant to this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused as a result of any conduct or action by LHR.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, including claims for punitive damages, are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates the due process clause of the United States Constitution as well as the Constitution of the State of Minnesota.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against LHR may be barred by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses that are not specifically set forth above cannot be determined until LHR has had an opportunity to complete discovery.  Therefore, LHR hereby incorporates all of said affirmative defenses as if fully set forth herein.  Further, LHR reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE,** Defendant LHR Inc. prays for judgment and relief as follows:

1.      Dismissal of Plaintiff's Complaint with prejudice and on the merits;

2.      An award of LHR's attorney fees, costs and disbursements; and

3.      Any further relief the Court deems just, proper and equitable.

## TRIAL BY JURY IS HEREBY DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant LHR Inc. hereby restates its demand for trial by jury, composed of a maximum number of jurors allowed by law, on all of the issues in this case.

Dated:  January 31, 2011

s/ Livia E. Babcock
Livia E. Babcock (#299443)
Margaret R. Ryan (#0331181)
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661

and

Alicia C. Rood
Schroder Joseph & Associates, LLP
766 Ellicott Street
Buffalo, New York 14203
(716) 912-3813
*Awaiting pro hac vice admission*

7720109.1

***Attorneys for Defendant LHR Inc.***