UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DUWAYNE ALLEN BOHNER, | Civil No. 10-CV-4621 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LHR, INC. & BANK OF AMERICA | |
| Defendants, | |

This matter came before the undersigned United States Magistrate Judge upon the Motion of the Plaintiff DuWayne Allen Bohner for Default Judgment and upon the Motion of the Defendant Bank of America to dismiss Plaintiff's claim against it under the Fair Debt Collection Practices Act ("FDCPA"). A hearing on the Motion was conducted on July 22, 2011. The case has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that the Plaintiff's Motion for Default Judgment be denied and that the Defendant's partial motion to dismiss be granted.

**I.    BACKGROUND**

On November 16, 2010, the Plaintiff filed a Complaint alleging violations of the FDCPA and the Fair Credit Report Act ("FCRA") by Defendants LHR Inc. and Bank of America. The claim arises out of a debt originally owed on a credit card issued by Bank of America. The Plaintiff denies ever "having any contractual agreement for credit, loans or services relationship with either of the Defendants." (Compl. ¶ 7, 9). The Plaintiff further asserts that even if he did have an agreement with the Defendants, the Defendants illegally inserted "erroneous and inaccurate information in the Plaintiff's credit reports, violated the civil rights of the Plaintiff,

1

and the law." (Compl. ¶ 7). Plaintiff disputes the lines on his credit report, contends that neither Defendant provided verification of this alleged account, and that both Defendants failed to report the Notice of Dispute he filed with them to the Major Credit Reporting Agencies. (Compl. ¶¶ 11, 14, 15). For this conduct, Plaintiff seeks $1,000 for each violation, $20,000 in punitive damages, and costs and attorney's fees.

Presently before the Court is Plaintiff's Motion for Default Judgment against Bank of America due to its late answer. In addition, the Defendant Bank of America brings a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court will consider each motion in turn below.

### III.   Motion for Default

#### 1.   Standard of Review

Before considering the motion for default judgment, the Court notes that it has read Plaintiff's pleadings liberally as it must. See Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by pro se litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding"). However, although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

Plaintiff does not indicate which Federal Rule of Civil Procedure he bring his motion for default judgment under, but presumably the Plaintiff is attempting to move for an entry of default judgment under Federal Rule of Civil Procedure 55. Rule 55 states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In addition, the Court observes that default judgments are not favored under the law. United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "Under Fed.R.Civ.P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect)." Id. In such cases, a request for default judgment based on a marginal failure to comply with the time requirements are distinguishable from dismissals "imposed for willful violations of court rules, contumacious conduct, or intentional delays." Harre, 983 F.2d at 130 (refusing to grant motion for default where answer was filed twelve days late). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays. However, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001).

Whether to enter a default judgment rests within the court's discretion. Lee v. Bd. of Maintenance of Way Employees-Burlington N. Sys. Fed'n, 139 F.R.D. 376, 381 (D. Minn. 1991). "When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer or other pleading, prior to an entry of Default Judgment." Semler v. Klang, 603 F.Supp.2d 1211, 1218-19 (D. Minn. 2009) (citing Johnson v. Allied Interestate Inc., 2002 WL 1906024, at *2 (D. Minn. Aug. 19, 2002) ("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits")).

## 2. Discussion

In the instant case, the Defendant argues that a default judgment against Bank of America should be granted because it filed a responsive pleading late. The executed summons shows that alternate service on Bank of America was attempted on March 26, 2011 by the United States Marshall Service through certified mail. (Docket No. 18). Thus, according to the Plaintiff, pursuant to Fed. R. Civ. P. 12(a)(1), Bank of America's answer was due 21 days later on April 18, 2011. Plaintiff subsequently filed an Application for Default on April 21, 2011. (Docket No. 19). Defendant Bank of America filed a Response to Plaintiff's Application for Entry of Default on April 25, 2011. (Docket No. 21). Plaintiff filed his motion for default and request for entry of default with the clerk on April 28, 2011. (Docket Nos. 23 and 25). The Defendant Bank of America filed a motion to dismiss on May 3, 2011. (Docket No. 28). Thereafter, the Clerk denied the Plaintiff's Rule 55(a) request for entry of default on May 13, 2011. (Docket No. 36).

The Court notes that even though Defendant Bank of America's answer was marginally untimely in this case, it did eventually make an appearance in this action in the form of a Rule 12 motion. Moreover, the circumstances surrounding service on the Defendant Bank of America, rather than Bank of America's willful violation of the Court's rules appears to have resulted in the delay in filing its answer. Bank of America does not contest service.[1] However, it does argue that the manner of service reasonably excuses or justifies its late answer. Here, the Defendant was served by the US Marshalls through certified mail to a general business address not addressed to any particular individual on March 26, 2011. (Docket No. 18). Undoubtedly, Bank of America is a very large organization. Thus, once the complaint was served, it

---

[1] The Court has serious doubts as to whether service in this case was proper under Fed. R. Civ. P. 4 since alternate service took place through certified mail to Bank of America generally rather than through personal service and a waiver of personal service was never executed as required under the Rule. However, since Bank of America does not contest service, the Court deems that issue to now have been waived, and it need not decide whether Bank of America was properly served.

4

necessarily took some time for the complaint to find its way into the proper hands at Bank of America so that it could obtain legal representation and defend the suit.  The record before this Court suggests that Bank of America acted promptly once the complaint found its way to the right hands and it then filed its reply opposing the Plaintiff's Application for Judgment by Default on April 25 which was only 7 days after its answer was due.  (Docket No. 21).  Subsequently, Bank of America filed a Rule 12 motion to dismiss shortly thereafter on May 3, 2011.  (Docket No. 28).   Therefore, the Court finds that Bank of America's delay in responding to the Complaint constitutes "excusable neglect" under Fed. R. Civ. P. 55(c) and weighs against recommending entry of a default judgment.

Furthermore, no evidence exists showing that Bank of America sought to delay or otherwise gain advantage from answering late.  In addition, at the hearing on the present motion, the Plaintiff was unable to point to or describe any prejudice to his case he suffered from Bank of America's marginally late answer.   Since no evidence exists showing that the Bank of America willfully violated the Court's rules and Bank of America only marginally failed to comply with the time requirements for responding to the Complaint, the Court recommends that the Plaintiff's motion for default judgment be denied. [2]

**III.    Motion to Dismiss**

    **1.    Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

---

[2] Additionally, we would note that the Plaintiff has not obtained the prerequisite entry of default from the Clerk of Court pursuant to Fed. R. Civ. P 55(a).  "A motion for default judgment is therefore procedurally improper where, as here, the movant has not yet accomplished the first step:  entry of default by the clerk." U.S. ex. Rel. Sammarco v. Ludeman, 2010 WL 1335460 at *15 (D. Minn. Jan. 28, 2010).

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. (citations and quotations omitted).  Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Id.

When analyzing a 12(b)(6) argument, courts "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  Next, courts look at any remaining well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." Id.  The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against each defendant "across the line from conceivable to plausible." See id. at 1950, 1952.

When analyzing a Plaintiff's complaint, the Court must take the plaintiff's factual allegations as true. Id. at 1949-50.  However, a "formulaic recitation of the elements of a cause of action" is insufficient for a complaint to survive a motion to dismiss. Id.  Still, facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. Twombly, 550 U.S. at 555.  In addition, courts "should read the complaint as a whole, not parsed piece by piece to determine whether each allegation in isolation is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

**2.    Discussion**

Plaintiff asserts claims under a number of different provisions of the FDCPA including 15 U.S.C. 1692c, 15 U.S.C. § 1692e, 15 U.S.C. § 1692g, 15 U.S.C. § 1692k.  Each provision, however, only applies to "debt collectors." See 15 U.S.C. 1692c(a), (b), & (c); 15 U.S.C. 1692e;

6

15 U.S.C. § 1692g(a) & (b).  In addition, Plaintiff asserts a claim under Minn. Stat. § 332.37. Like the FDCPA, this state statutory provision only applies to a "collection agency."  See Minn. Stat. § 332.37.   Here, Bank of America argues that the Plaintiff has not adequately pled that it is either a debt collector or a collection agency.

> Section 1692a(6) of the FDCPA defines a debt collector as:
>
> any person who uses any instrumentality of interstate commerce or the mails **in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.** Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> > **(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

In turn, a creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Construing all reasonable inferences from the facts alleged in the Complaint in favor of the Plaintiff, the Complaint does not contain sufficient facts showing that Bank of America is a "debt collector" under the FDCPA.  Rather, the Complaint, on its face seems to acknowledge that Bank of America is a creditor.  The Plaintiff specifically refers to the Defendant Bank of America as "THE CREDITOR" and describes it as a "credit lender." (Compl. ¶ 5).  The Complaint further states that Bank of America was listed as the original creditor on his credit report.  Courts have stated that a "debt collector does not include the consumer's creditors, a

7

mortgage servicing company, or an assignee of a debt." Cohen v. Mortgage Electronic Registration Sys., Inc., 2009 WL 4578308, at *2 (D. Minn. Dec. 1, 2009) (citations omitted); see also Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005) (holding that the FDCPA "does not regulate creditors' activities at all" (quoting Randolph v. I.M.B.S., Inc., 368 F.3d 726, 729 (7th Cir. 2004))). Additionally, the fact that a creditor employs a debt collector to recover its debts does not make the creditor vicariously liable for the acts of the debt collector. Kolari v. New York-Presbyterian Hosp., 382 F.Supp.2d 562, 573 (E.D. N.Y. 2005), rev'd in part on other grounds, 455 F.3d 118 (2nd Cir. 2006).[3]

Plaintiff does not allege any facts in his Complaint which would allow the Court to infer that he asserts Bank of America is a "debt collector" as defined by 15 U.S.C. § 1692a. See Williams v. Citibank, N.A., 565 F.Supp.2d 523 (S.D. N.Y. 2008)(dismissing FDCPA claims because the Complaint did not allege that the Defendant as a "debt collector"). Nor can Plaintiff's Complaint be interpreted to allege that Bank of America collects debts for other, unrelated entities, or that its principal business is to collect debts ss defined in 15 U.S.C. § 1692a. Therefore, the Court recommends that the FDCPA claims should be dismissed against the Defendant Bank of America.

Moreover, Plaintiff's state law claim should also be dismissed. Under Minn. Stat. § 332.37(6), a "collection agency" or a "collector" is prohibited from exercising authority "on behalf of a creditor to employ the services of lawyers unless the creditor has specifically authorized the agency in writing to do so and the agency's course of conduct is at all times

---

[3] Courts have, however, found that a creditor becomes subject to the FDCPA under the "false name" exception if the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Plaintiff does not make any factual assertions in his Complaint that can be construed as arguing that Bank of America would fall under the false name exception. Therefore, the Court declines to consider whether Bank of America falls under the false name exception.

consistent with a true relationship of attorney and creditor." A collection agency is defined as "any person engaged in the business of collection for others any account, bill or other indebtedness except as hereinafter provider." Minn. Stat. § 332.31. A collection agency expressly excludes "persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency such as, but not limited to banks when collecting accounts owed to the banks and when the bank will sustain any loss arising from uncollectible accounts . . ." Minn. Stat. § 332.32. Like with Plaintiff's FDCPA claims, Plaintiff's state law claim must be dismissed against Bank of America because the Plaintiff has not made any factual allegations that Bank of America is a collection agency such that it is "engaged in the business of collection for others." Minn. Stat. § 332.31. As such, the Court also recommends dismissal Plaintiff's claim under Minn. Stat. § 332.31.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED:**

1. That Plaintiff's Motion for Default Judgment [Docket No. 23] be DENIED;

2. That Defendant Bank of America's Motion for Partial Dismissal [Docket No. 28] be GRANTED and that the Plaintiff's claims against Bank of America for violating the FDCPA be dismissed without prejudice.

Dated: August 8, 2011                                s/Leo I. Brisbois
                                                     LEO I. BRISBOIS
                                                     United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 22**, 2011 a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.